UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TWIN CITY FLOOR COVERING INDUSTRY PENSION FUND AND TWIN CITY FLOOR COVERING INDUSTRY FRINGE BENEFIT TRUST FUND,

Civil No. 00-1771 JRT/SRN

Plaintiffs,

vs.

**FINDINGS OF FACT CONCLUSIONS OF LAW AND ORDER FOR JUDGMENT**

DANIEL'S CONTRACT CARPETING & TILE, INC., and DANIEL K. LEWANDOWSKI, individually,

Defendants.

This matter was heard before the undersigned on the 4th day of October, 2000. Jacqueline M. Beaulieu of McGrann Shea Franzen Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on July 26, 2000.

2. DefendantsDaniel's Contract Carpeting & Tile, Inc. and Daniel Lewandowski were served with a Summons and Complaint in this matter on July 31, 2000.

3. Defendants have failed to file and serve an Answer to the Summons and Complaint.

FILED 10/4/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD OCT 04 2000
DEPUTY CLERK

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide, among other things, pension, vacation, health and welfare benefits to employees doing floorcovering work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, MN 55435, as the administrative agent designated by the Trustees.

5. Defendants accepted and agreed to be bound by certain a Collective Bargaining Agreement (Bargaining Agreement) with the Lakes and Plains Regional Council of Carpenters and Joiners, Carpet, Linoleum, Resilient Tile Layers Local # 596. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 10th day of the month following the month for which the contribution is being made.

6. Plaintiffs are entitled under the terms of the Bargaining Agreement to audit Defendant's payroll records to determine its compliance with the reporting and contributions requirements.

7. The Plaintiffs requested that Defendant submit records for the period of March 2000 through the present. Defendants have failed and refused to produce such documents.

## CONCLUSIONS OF LAW

1. Defendants are in default, and Plaintiffs are entitled to Default Judgment.

2. Defendants must produce all records as requested by Plaintiffs to allow

Plaintiffs to complete an audit of Defendants' records for the period of March 2000 through the present.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That each Defendant shall produce for inspection and audit the following business records for the period March 2000 through the present:

   a. All payroll registers;

   b All time cards;

   c. All of Defendant's check registers and sequential canceled checks from all of Defendant's accounts;

   d. All documents evidencing payment from Defendant to all other individuals, including any claimed subcontractors. Such documents should include all subcontractor agreements or other similar documents, and certificates of insurance from any subcontractors; and

   e. All tax records and Minnesota Unemployment Compensation filings for 1999.

3. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

4. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439.

5. The only issues remaining to be determined in this action are the amount of Plaintiffs' damages and Plaintiffs' claim for attorney's fees and costs.

6. That the amount of Plaintiffs' damages and Plaintiffs' claim for attorney's fees and costs shall be determined by the Court after hearing.

Dated: 10/3/2000

John R. Tunheim
United States District Judge