UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Twin City Floor Covering Industry, et al.,

Plaintiffs,

v.

Daniel's Contract Carpeting & Tile and Daniel K. Lewandowski,

Defendants.

Civil No. 00-1771 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Jacqueline M. Beaulieu, Esq., for Plaintiffs.
Andrew Mohring, Assistant Federal Public Defender, for Defendants.

---

**THIS MATTER** came for a hearing before the undersigned United States Magistrate Judge on June 1, 2001, on Plaintiffs' Motion Seeking an Order to Show Cause [#8]. Plaintiffs seek to hold Defendants in civil contempt for failure to obey this Court's previous Order dated October 4, 2000, which ordered the Defendants to produce for inspection and audit, certain business records for the period March 2000, through the date of the Order.

## I. PROCEDURAL AND FACTUAL BACKGROUND

1. On October 4, 2000, this Court ordered Defendants to produce for inspection, certain business records for the period March 2000, through the date of the Order.

2. On January 24, 2001, this Court granted Plaintiffs' Motion Seeking an Order to Show Cause [#8]. Defendants were ordered to appear before the Court on February 21, 2001, to show cause, if any, why a Contempt of Court Order should not be entered adjudging the Defendants in civil contempt of this Court for continuing to disobey this Court's October 4, 2000, Order.

3. On February 21, 2001, this Court issued a Bench Warrant for Defendant Daniel K. Lewandowski's ("Mr. Lewandowski") arrest because he: (1) failed to appear before

FILED JUN 0 6 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

this Court pursuant to the Court's January 24, 2001, Order to Show Cause; and (2) had not produced any documents to Plaintiffs. Mr. Lewandowski was arrested on March 30, 2001.

4. On April 2, 2001, Mr. Lewandawski was released on an unsecured bond and ordered to comply with this Court's October 4, 2000, Order on or before April 12, 2001. In the event that the Order was not complied with, Mr. Lewandowski was ordered to appear before the Court on April 18, 2001, to show cause why he should not be re-confined pending compliance with the October 4, 2000, Order.

5. On April 18, 2001, Plaintiffs' Counsel reported that Mr. Lewandowski had not complied with the Court's October 4, 2000, Order. This Court noticed a contempt hearing for May 16, 2001, and appointed the Federal Public Defender to represent Mr. Lewandowski. Mr. Lewandowski was released on an unsecured bond and ordered to comply with the October 4, 2000, Order on or before May 10, 2001, or the Court would recommend that he held in civil contempt and remanded to the custody of the U.S. Marshall until he purged himself of the contempt by complying with the October 4, 2000, Order.

6. On May 16, 2001, Plaintiffs' Counsel reported that Mr. Lewandowski had produced some, but not all responsive documents. The matter was continued to June 1, 2001.

7. On June 1, 2001, Plaintiffs' Counsel reported that Mr. Lewandowski had produced the required documents and finally complied with this Court's October 4, 2000, Order.

## II. CONCLUSION

Based upon the files, records, and proceedings herein, this Court concludes that, as a matter of law, Mr. Lewandowski has now complied with this Court's October 4, 2000, Order and is not in civil contempt of it. The Release Order and Appearance Bond entered on April 18, 2001, have been complied with and defendant should be exonerated from the bond.

DATED: June 4, 2001.

Franklin L. Noel
FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and Recommendation, written objections which specifically identify the portions of the proposed

All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Rcport and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.